```
RANDY S. GROSSMAN
United States Attorney
OWEN ROTH
Assistant United States Attorney
California Bar No. 335891
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-7710
owen.roth@usdoj.gov

Attorneys for Plaintiff
United States of America
```



FILED
JUL 18 2023
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MANUEL ROBLES III,<br><br>　　　　　　Defendant. | Case No. 23-CR-238 TWR<br><br>**PLEA AGREEMENT**<br><br>The Honorable Todd W. Robinson |

IT IS HEREBY AGREED between plaintiff, UNITED STATES OF AMERICA, through its counsel, Randy S. Grossman, United States Attorney, and Owen Roth, Assistant United States Attorney, and Defendant, MANUEL ROBLES III, with the advice and consent of Benjamin Kington, counsel for ROBLES, as follows:

//
//
//

Def. Initials _MR_

# I
# THE PLEA

**A. The Charge**

ROBLES agrees to plead guilty to a Superseding Information, charging ROBLES as follows:

A. THE CHARGES

### COUNT ONE

On or about April 26, 2021, within the Southern District of California and elsewhere, defendant, MANUEL ROBLES III, did knowingly and intentionally conspire and agree with other persons, known and unknown, to possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, all in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), and 846.

### COUNT TWO

On or about April 26, 2021, within the Southern District of California, defendant, MANUEL ROBLES III, did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

B. PRE-TRIAL DISPOSITION

ROBLES agrees that, following entry of his guilty plea, the Government need not hold or preserve any evidence seized in connection with this case. Furthermore, if the court has issued a preservation order in connection with any seized evidence, ROBLES agrees to jointly request that the Court lift or revoke the preservation order following entry of defendant's guilty plea. ROBLES agrees that upon acceptance of

his guilty plea by the District Court, and not withstanding any preservation order(s) entered by the District Court, the Government need not hold or preserve any evidence seized in connection with this case, including but not limited to:

    1. Any cellular device(s);

    2. Any vehicle(s); and

    3. Any controlled substance(s), except sample amounts for confirmatory testing.

C. DISMISSAL OF PENDING COUNTS

The Government agrees to (1) move to dismiss the pending counts against ROBLES in the indictment without prejudice when he is sentenced, and (2) not prosecute him thereafter on such dismissed charges unless he breaches the Plea Agreement or the guilty plea entered pursuant to this Plea Agreement is set aside for any reason. If he breaches this agreement or the guilty plea is set aside, Section XII below shall apply.

II

NATURE OF THE OFFENSE

A. **Elements Explained**

The offenses to which ROBLES is pleading guilty have the following elements:

Count One

1. Beginning on or about a date certain, and ending on or about a date certain, there was an agreement between two or more persons to distribute methamphetamine; and

2. The defendant joined in the agreement knowing of its purpose.

Count Three

1. The defendant knowingly possessed methamphetamine or some other federally controlled substance; and

2. Second, the defendant possessed the methamphetamine with the intent to distribute it to another person.

B. **Elements Understood and Admitted - Factual Basis**

ROBLES has fully discussed the facts of this case with defense counsel. ROBLES has committed each element of the crimes and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1. On April 26, 2021, ROBLES met with Fernando BLANCO at a gas station in Heber, California. There, BLANCO provided ROBLES with packages of methamphetamine. ROBLES then drove home from the gas station. ROBLES and another man took two duffel bags from the trunk of ROBLES's car and brought them into his home, and ROBLES shortly thereafter put the two duffel bags back into his Honda Accord. Throughout this time period, ROBLES spoke on the phone with BLANCO, and admits these calls were in connection with the methamphetamine BLANCO had given ROBLES.

2. The next day, ROBLES drove the Honda Accord to a parking lot Heber and parked it there. ROBLES abandoned the Honda Accord at that point, because he was afraid that law enforcement was watching him with the car.

3. Law enforcement seized and searched the car, which ROBLES left in the parking lot in Heber. In it, they found fifty packages of methamphetamine in the two duffel bags. These packages had a gross weight of 23.88 kilograms.

III

**PENALTIES**

The crimes to which ROBLES is pleading guilty carry the following maximum penalties:

A. A maximum term of 20 years in prison;

4

Def. Initials MR
23-CR-238 TWR

B. A maximum $1,000,000 fine;

C. A mandatory special assessment of $100.00 per count; and

D. A term of supervised release of at least three years and as much as life. ROBLES understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring ROBLES to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release.

## IV

## DEFENDANT'S WAIVER OF TRIAL RIGHTS
## AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives ROBLES's right at trial to:

A. Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B. A speedy and public trial by jury;

C. The assistance of counsel at all stages of trial;

D. Confront and cross-examine adverse witnesses;

E. Testify and present evidence and to have witnesses testify on behalf of ROBLES; and

F Not testify or have any adverse inferences drawn from the failure to testify.

## V

## DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED
## WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of ROBLES known to the undersigned prosecutor in this case has been turned over to

ROBLES. The Government will continue to provide such information establishing the factual innocence of ROBLES.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if ROBLES raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty, ROBLES will not be provided this information, if any, and ROBLES waives any right to this information. ROBLES will not attempt to withdraw the guilty plea or file a collateral attack on the existence of this information.

## VI

### DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

ROBLES represents that:

A. ROBLES has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, ROBLES may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject ROBLES to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw ROBLES's guilty plea;

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the court;

C. No one has threatened ROBLES or his family to induce this guilty plea; and,

D. ROBLES is pleading guilty because he is guilty and for no other reason.

## VII

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE, SOUTHERN DISTRICT OF CALIFORNIA

This Plea Agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will bring this Plea Agreement to the attention of other authorities if requested by ROBLES.

## VIII

### APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. ROBLES has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. **ROBLES agrees to request that a presentence**

7

Def. Initials *MR*
23-CR-238 TWR

**investigation report be prepared**. Nothing in this Plea Agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

## IX
## SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This Plea Agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what ROBLES's sentence will be. The Government has not made and will not make any representation as to what sentence ROBLES will receive. Any estimate of the probable sentence by defense counsel is not a promise and is **not binding on the Court**. Any recommendation made by the Government at sentencing is also not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, ROBLES will not withdraw the plea.

## X
## PARTIES' SENTENCING RECOMMENDATIONS

### A. Sentencing Guideline Calculations

Although the Guidelines are only advisory and just one of the factors the court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments and Departures:

| | | | |
|---|---|---|---|
| 1. | § 2D1.1 | Base Offense Level* | 38 |
| 2. | §§ 2D1.1(b)(18) & 5C1.2 | Safety Valve** | -2 |
| 3. | § 3E1.1 | Accept. of Responsibility | -3 |
| 4. | § 5K2.0 | Waiver of Appeal & Coll. Attack | -3 |

\*The actual Base Offense Level (BOL) cannot be determined until a laboratory has performed a chemical analysis of a sample of the controlled substance(s), so this calculation is subject to change. At sentencing, the parties will recommend a BOL consistent with the results of the laboratory testing of the sample and the weight of the controlled substance(s) as determined at the time of ROBLES's arrest (after first incorporating a 10% reduction in the overall weight to reflect a reduction in the weight for packaging and other considerations). If ROBLES is determined to be a career offender pursuant to USSG § 4B1.1(a), the applicable base offense level shall be determined pursuant to USSG § 4B1.1(b); furthermore, ROBLES will be ineligible for any role reduction.

\*\*If ROBLES meets the requirements for Safety Valve as provided under USSG §§ 2D1.1(b)(18) and 5C1.2 or meets the requirements under USSG § 5C1.2(a)(2)-(5) and the criminal history requirements as provided in the First Step Act, the Government will recommend a two-level reduction of the guidelines and relief from any statutory mandatory minimum sentence.

B. Acceptance of Responsibility

Despite Paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if ROBLES engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

    A. Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

    B. Falsely denies prior criminal conduct or convictions;

    C.    Is untruthful with the Government, the Court or probation officer; or

    D.    Breaches this Plea Agreement in any way.

**C. Further Adjustments and Sentence Reductions Including Those Under 18 U.S.C. § 3553**

ROBLES may not request or recommend additional downward adjustments or departures under the Sentencing Guidelines, except that he may seek a 2-level "minor role" adjustment under USSG § 3B1.2. He may seek variances under 18 U.S.C. § 3553. The Government will oppose any downward adjustments, departures, or variances not set forth in Section X, Paragraph A above.

**D. No Agreement as to Criminal History Category**

The parties have **no** agreement as to ROBLES's Criminal History Category.

**E. "Factual Basis" and "Relevant Conduct" Information**

The facts in the "factual basis" paragraph of this Plea Agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

**F. Parties' Recommendations Regarding Custody**

The Government will recommend a custodial sentence within the sentencing guidelines range as calculated by the Government. The Government may also recommend any term of supervised release authorized by law. ROBLES may seek any lawful sentence.

**G. Special Assessment**

The parties will jointly recommend that ROBLES pay a special assessment in the amount of $100.00 per felony count of conviction to be paid forthwith at time of sentencing. Special assessments shall be

paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

### H. Supervised Release

The Government is free to recommend a period of supervised release. If the Court imposes a term of supervised release, ROBLES will not seek to reduce or terminate early the term of supervised release until he has served at least two-thirds of the term of supervised release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment and restitution judgment.

### I. Forfeiture

ROBLES agrees and consents to the forfeiture to the United States of all property seized in connection with this case pursuant to Title 8, United States Code, Section 1324, Title 18, United States Code, Section 982(a)(6), and Title 28, United States Code, Section 2461(c). ROBLES consents and agrees to any and all administrative and civil forfeiture as well as consents to the immediate entry of order(s) of forfeiture as the Government deems necessary. ROBLES agrees that upon execution of this Plea Agreement the ROBLES's interest(s) in any and all seized properties is terminated. ROBLES waives all rights to receive notices of any and all forfeitures. ROBLES agrees that by signing this Plea Agreement he is immediately withdrawing any claims in pending administrative or civil forfeiture proceedings to properties seized in connection with this case. ROBLES agrees to execute all documents requested by the Government to facilitate or complete the forfeiture process(es). ROBLES further agrees not to contest, or to assist any other person or entity in contesting, the forfeiture of property seized in connection with this case. Contesting or assisting others in

contesting the forfeiture shall constitute a material breach of the Plea Agreement, relieving the Government of all its obligations under the agreement including but not limited to its agreement to recommend an adjustment for Acceptance of Responsibility. ROBLES further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. ROBLES understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time the Court accepts the guilty plea(s). ROBLES further agrees to waive all constitutional and statutory challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this agreement, including any claim that the forfeiture constitutes an excessive fine or punishment under the United States Constitution. ROBLES agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States and to testify truthfully in any judicial forfeiture proceeding. ROBLES agrees that the forfeiture provisions of this Plea Agreement are intended to, and will, survive ROBLES, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if ROBLES had survived, and that determination shall be binding upon his heirs, successors and assigns.

## XI

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

ROBLES waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence, including any restitution order. The only exception is that ROBLES may collaterally attack the conviction or sentence on the basis that he received ineffective assistance of counsel. If ROBLES appeals, the Government may support on appeal the sentence or restitution order actually imposed.

## XII

## BREACH OF THE PLEA AGREEMENT

ROBLES and his attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

ROBLES breaches this agreement if he violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

A. Failing to plead guilty pursuant to this agreement;
B. Failing to fully accept responsibility as established in Section X, paragraph B, above;
C. Failing to appear in court;
D. Attempting to withdraw the plea;
E. Failing to abide by any court order related to this case;

F.  Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this Plea Agreement; or

G.  Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If ROBLES breaches this Plea Agreement, he will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this Plea Agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (ROBLES agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; ROBLES also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside ROBLES's guilty plea. ROBLES may not withdraw the guilty plea based on the Government's pursuit of remedies for his breach.

Additionally, if ROBLES breaches this Plea Agreement: (i) any statements made by ROBLES, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against him in any prosecution of, or any action against, him. This includes the prosecution of the charge(s) that is the subject of this Plea Agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by ROBLES. Additionally, ROBLES knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the

statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

## XIII

### CONTENTS AND MODIFICATION OF AGREEMENT

This Plea Agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this Plea Agreement shall be effective unless in writing signed by all parties.

## XIV

### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, ROBLES certifies that he has read it (or that it has been read to him in his native language). ROBLES has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

//
//
//
//
//
//
//
//
//
//
//
//

15

Def. Initials MR

23-CR-238 TWR

## XIV

## DEFENDANT SATISFIED WITH COUNSEL

ROBLES has consulted with counsel and is satisfied with counsel's representation. This is ROBLES's independent opinion, and ROBLES's counsel did not advise ROBLES about what to say in this regard.

Respectfully Submitted,

RANDY S. GROSSMAN
United States Attorney

06/16/23
DATED

*Owen Roth*
OWEN ROTH
Assistant United States Attorney

6/1/23
DATED

BENJAMIN KINGTON
Defense Counsel

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE.

06/1/23
DATED

MANUEL ROBLES III
Defendant